IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. DNCW3:09CR242-FDW-DSC |
| ) | (Financial Litigation Unit) |
| BRANDON STEWART FOLEY, ) | |
| ) | |
| and ) | |
| ) | |
| R.P. MACHINE ENTERPRISES, INC., ) | |
| Garnishee. ) | |

ORDER OF CONTINUING GARNISHMENT

THIS MATTER is before the Court on the Answer of R.P. Machine Enterprises, Inc., as Garnishee. On May 11, 2011, the Honorable Frank D. Whitney sentenced Defendant to fourteen months home confinement on his conviction for Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371. Judgment in the criminal case was filed on May 17, 2011 (Docket No. 19). As part of that Judgment, Defendant was ordered to pay an assessment of $100 and restitution of $1,473,021.43 to the victims of the crime. Id.

On October 9, 2012, the Court entered a Writ of Continuing Garnishment ("Writ") (Docket No. 25) to Garnishee, R.P. Machine Enterprises, Inc. ("Garnishee"). The United States is entitled to a wage garnishment of up to twenty-five per cent of net income and has satisfied the prerequisites set forth in 15 U.S.C. § 1673. Garnishee was served with the Writ on October 12, 2012. Defendant was served with the Writ on October 23, 2012. Garnishee filed an Answer on October 24, 2012 (Docket No. 28), and an Amended Answer on November 5, 2012 (Docket No. 31), stating that at the time of the service of the Writ, Defendant was in the employ of Garnishee and Garnishee had in their custody, control or possession property or funds owned by Defendant, including non-exempt disposable earnings. Defendant filed a request for hearing on October 29, 2012 (Docket No. 29).

The United States filed a response in opposition to Defendant's request for hearing on October 31, 2012 (Docket No. 30).

After careful consideration of Defendant's request for hearing, the Court finds that a hearing in this matter is neither necessary, nor is it appropriate pursuant to the provisions of 28 U.S.C. § 3202(d).

IT IS THEREFORE ORDERED that Defendant's request for hearing is DENIED.

IT IS FURTHER ORDERED that the objections of Garnishee are overruled as inapplicable.

IT IS FURTHER ORDERED that an Order of Continuing Garnishment is hereby ENTERED in the amount of $1,465,662.08 computed through October 2, 2012.

IT IS FURTHER ORDERED, based on the recommendation and consent of the United States, that upon entry of this Order, and for a period of six months thereafter, Garnishee will pay the United States ten per cent of Defendant's net earnings which remain after all deductions required by law have been withheld, and one hundred per cent of all 1099 payments.

IT IS FURTHER ORDERED, based on the recommendation and consent of the United States, that upon entry of this Order, that after the above-referenced six-month period has expired, Garnishee will pay the United States fifteen per cent of Defendant's net earnings which remain after all deductions required by law have been withheld, and one hundred per cent of all 1099 payments, for a period of six months.

IT IS FURTHER ORDERED, based on the recommendation and consent of the United States, that upon entry of this Order, that after the foregoing one-year period of increasing garnishment percentages has expired, Garnishee will pay the United States twenty-five per cent of Defendant's net earnings which remain after all deductions required by law have been withheld, and one hundred per cent of all 1099 payments. Garnishee will continue said payments until the debt

to the Plaintiff is paid in full, or until Garnishee no longer has custody, possession or control of any property belonging to Defendant, or until further order of this Court.

Payments should be made payable to the United States Clerk of Court and mailed to the Clerk of the United States District Court, 401 West Trade Street, Charlotte, North Carolina 28202. In order to ensure that each payment is credited properly, the following should be included on each check: Court Number DNCW3:09CR242.

Plaintiff will submit this debt to the Treasury for inclusion in the Treasury Offset Program. Under this program, any federal payment Defendant would normally receive may be offset and applied to this debt.

**SO ORDERED**.           Signed: November 6, 2012

David S. Cayer
United States Magistrate Judge